**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BIMBLA FELIX,<br>Plaintiff,<br>v.<br>FARFETCH.COM US, LLC, *et al.*,<br>Defendants. | Case No. 26cv8726 (EP) (CF) |
| ATTISSO M. AKAKPO,<br>Plaintiff,<br>v.<br>DEAN REYNOLDS, *et al.*,<br>Defendants. | Case No. 26cv8722 (EP) (CF)<br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiffs Bimbla Felix and Attisso M. Akakpo each brought a personal injury action arising out of the same motor vehicle collision against the same Defendants: Dean Reynolds, Ryder System, Inc., Ryder Truck Rental, Farfetch.com US, LLC, Stadium Enterprises, LLC d/b/a Stadium Goods, and Geotab USA, Inc.[1]

On July 14, 2026, Defendants Dean Reynolds, Farfetch.com US, LLC ("Farfetch"), and Stadium Enterprises, LLC d/b/a Stadium Goods ("Stadium") (collectively, the "Removing

[1] *See Felix v. Farfetch.com US, LLC*, No. 26-8726 (the "Felix Action"); *Akakpo v. Reynolds*, No. 26-8722 (the "Akakpo Action") (collectively, the "Actions"). Each Plaintiff also names fictitious defendants, whose citizenship is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

Defendants") removed both actions to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Felix Action, D.E. 1 ("Felix Removal Notice"); Akakpo Action, D.E. 1 ("Akakpo Removal Notice") (collectively, the "Removal Notices"). Because the record establishes that there is no complete diversity of citizenship, both actions will be **REMANDED** to the Superior Court of New Jersey, Law Division, Bergen County.

## I. BACKGROUND

Plaintiffs each filed suit in the Superior Court of New Jersey, Law Division, Bergen County, arising out of an April 2024 motor vehicle collision on Interstate 78. *See* Felix Removal Notice; Akakpo Removal Notice. Removing Defendants then filed the Removal Notices.

The Removal Notices pleaded the citizenship of Farfetch and Stadium—both limited liability companies—under the test applicable to corporations. The Court therefore directed the Removing Defendants to identify the citizenship of each member of each entity, *Felix*, D.E. 4, and then to complete this District's Diversity Disclosure Statement, *Felix*, D.E. 6. Removing Defendants filed the statement on July 24, 2026. *Felix*, D.E. 8 ("Disclosure Statement"). The Disclosure Statement identifies Farfetch US Holdings, Inc. as the sole member of both Farfetch and Stadium, and states that Farfetch US Holdings, Inc. is incorporated in Delaware and maintains its principal place of business in New York. Disclosure Statement.

On July 27, 2026, the Court ordered the parties to show cause, in writing, by July 30, 2026, why the Actions should not be consolidated under Federal Rule of Civil Procedure 42(a) and remanded for lack of subject matter jurisdiction, and further directed the parties to confirm the citizenships of Plaintiffs in both actions. *Felix*, D.E. 10; *Akakpo*, D.E. 4 (together, the "Order to Show Cause"). No party responded in either action.

## II. DISCUSSION

A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party asserting jurisdiction "bears the burden of showing that at all stages of the litigation the case is properly before the federal court," and § 1441 "is to be strictly construed against removal." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citations omitted). Diversity jurisdiction requires complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). A limited liability company is a citizen of each state of which its members are citizens. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). And an individual is a citizen of the state of his domicile—his "true, fixed and permanent home and place of habitation"—which an allegation of residence alone does not establish. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

Complete diversity is absent in *Felix*. Farfetch and Stadium are citizens of New York because their sole member, Farfetch US Holdings, Inc., maintains its principal place of business there. Disclosure Statement. Felix is also a citizen of New York. Felix Removal Notice ¶ 10.

The same result follows in *Akakpo*. The Akakpo Removal Notice alleges only that Akakpo "resides in the City of New York, Bronx County, State of New York." Akakpo Removal Notice ¶ 9; *see also Akakpo*, D.E. 1-1 ¶ 1 (Akakpo is "residing at 790 Concourse Village West, Apt. 14A, situated in the Bronx"). But citizenship turns on domicile, not residence. *McCann*, 458 F.3d at 286. If Akakpo is domiciled in New York, complete diversity is lacking for the same reason it is lacking in *Felix*—because Farfetch and Stadium are Defendants in both actions. And if Akakpo's citizenship remains unestablished, the Removing Defendants have not carried their burden, despite

the opportunity the Order to Show Cause afforded them. *Samuel-Bassett*, 357 F.3d at 396. The Court lacks subject matter jurisdiction.

Both actions must therefore be remanded. 28 U.S.C. § 1447(c). And because the actions return to separate dockets in the Superior Court, where consolidation remains available, *see* N.J. Ct. R. 4:38-1, the request to consolidate them here is **DENIED** as **MOOT**.

## III. CONCLUSION AND ORDER

**IT IS**, therefore, on this **4th** day of August 2026,

**ORDERED** that the Removing Defendants' request to consolidate these actions, *Felix*, D.E. 9, is **DENIED** as **MOOT**; and it is further

**ORDERED** that *Felix v. Farfetch.com US, LLC*, No. 26-8726, and *Akakpo v. Reynolds*, No. 26-8722, are each **REMANDED** to the Superior Court of New Jersey, Law Division, Bergen County; and it is further

**ORDERED** that the Clerk of Court shall mail a certified copy of this Order to the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, in each action; and it is finally

**ORDERED** that the Clerk of Court shall file this Order in both actions and shall mark both actions **CLOSED**.

Evelyn Padin, U.S.D.J.